# SUPREME COURT.

## WILLIAM S. ANDERSON agt. ABRAM R. HUNT.

*Order of arrest — when motion to discharge or vacate order will be granted —
Insufficient proof to establish fraud.*

An order of arrest will be vacated where the allegations of fraud are
unproven, and where there is no motive shown to cheat.
Evidence of false and fraudulent representations commented upon and
declared insufficient to sustain the order of arrest.

*Kings Special Term, August,* 1876.

MOTION to discharge or vacate order of arrest.

The action was brought for goods, consisting of builders'
materials, &c., sold and delivered in the state of New Jersey.

The defendant resided at Hempstead, Long Island; and
the summons and complaint were served January 17, 1876,
the amount claimed was $1,061.11.

On January 13, 1876, an order for defendant's arrest was
granted by Mr. justice PRATT, on an affidavit of the plaintiff,
setting forth alleged false and fraudulent representations as
to his financial standing in the contraction of the debt, upon
which the defendant was held to bail.

The answer denied the amount of the indebtedness, and
offered judgment for $641.63.

Further facts sufficiently appear in the opinion.

*Chas. G. Cronin,* for motion.

*John Fleming,* opposed.

J. F. BARNARD, J. — This action is upon contract. The claim is for goods sold in New Jersey. The goods were building materials, and were used in the construction of a house for a Mr. Marks in that state. The rule is, in such a case, exemption from imprisonment. The plaintiff seeks to take the case out of the general rule by establishing the fact that the debt was fraudulently contracted. That defendant falsely represented himself to own real estate and to be responsible.

There were but four witnesses to this contract; plaintiff and his book-keeper on one side, and defendant and a Mr. Olmsted on the other. Plaintiff and the book-keeper testify that Olmsted said that Hunt was responsible and owned real estate on Long Island. Plaintiff testifies that Hunt said " it was as Mr. Olmsted stated." Olmsted, who was the architect, makes affidavit that he said nothing in regard to Hunt's responsibility, or his ownership of real estate; and Hunt swears he never heard any statement in reference thereto, and that he made no statement whatever about his responsibility.

This leaves the allegation of fraud quite unproven. There is no reason why Olmsted should state the facts as to Hunt's responsibility, especially as he knew nothing about the matter. He had been requested by plaintiff to bring him business; it was this request, he says, which induced him to recommend Hunt to plaintiff as a purchaser. The building was to be built in New Jersey, a fact which plaintiff knew, where lien laws exist for lumber sold to a contractor and used in the construction of buildings.

There is no motive shown to cheat. Defendant has not been paid for the work and materials, and the claim is yet in suit. It could not have been supposed by defendant, when he purchased the lumber, that Marks would refuse to pay. Marks testifies that defendant abandoned the contract. If this is so, defendant surely never intended to buy lumber and put it on Marks' premises and abandon it without payment, and, to accomplish that end, persuaded Olmsted to tell a false-

hood as to his responsibility. It seems to me that the fraud is not made out. It was not expected by either party that the payments for the lumber were to be made from any other source than the price of the building; unfortunately, this resource has as yet failed.

Motion to discharge from arrest granted with ten dollars costs; costs to be deducted from plaintiff's claim; defendant to stipulate to bring no action for false imprisonment.